Benjamin LUSTGARTEN and
Hilda Lustgarten

v.

ALBERT TELLER & CO., Inc.,

v.

E. L. AARON & CO., Inc. and
Dreyfus & Co.

Lawrence M. SALLER and Marion Saller,

v.

ALBERT TELLER & CO., Inc.

v.

GRACE CANADIAN SECURITIES, INC.
and Dreyfus & Co.

Civ. A. Nos. 68–135, 256.

United States District Court
E. D. Pennsylvania.

July 25, 1969.

Harry O. Boreth, Blank, Rome, Klaus & Comisky, Philadelphia, Pa., for Lustgarten and Saller.

Fred C. Aldridge, Jr., Stradley, Ronon, Stevens & Young, Philadelphia, Pa., for Albert Teller & Co., Inc.

Bruce W. Kauffman, Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for E. L. Aaron & Co., Inc., et al.

## OPINION

HANNUM, District Judge.

These are suits by the plaintiffs charging the defendants with violations of the Securities Act of 1933, the question of law in the two cases are identical, namely selling unregistered securities as prohibited by Section 5 of the Securities Act of 1933 (15 U.S.C. Sec. 77e). Both parties in these suits have moved for summary judgment.

The plaintiffs allege that on May 17, 1967, the defendant through its agent or employee, telephoned and solicited the plaintiffs to purchase shares of Interamerican Industries, Ltd., a Canadian Company. On May 18, 1967, the defendant advised the plaintiffs that it had as principal sold to the plaintiffs 265 shares of Interamerican, confirmation of which was sent to the plaintiffs. On that same day the defendant sold, as agent for the plaintiffs, 150 shares of stock, the proceeds of which were applied to the purchase of the Interamerican stock. On May 18, 1967, the Securities and Exchange Commission ordered the suspension in the United States of Over-the-Counter trading of the stock of Interamerican, because no registration statement was in effect as required by Sec. 5 of the Securities Act of 1933 (15 U.S.C. Sec. 77e). When the plaintiffs learned that the shares of Interamerican were unregistered in the United States and that trading in the stock had been suspended, they demanded that the defendant cancel the sale and refund the purchase price, which the defendant has refused to do. The defendant, in its answer, admits all of these facts but that it relies upon the dealer exemption contained in Sec. 4(3) of the act as amended (15 U.S.C. § 77d(3)).

To fit within the exemption the defendant must be a "dealer" and the transaction complained of must have taken place subsequent to the expiration of 40 days after the first date upon which the security was bona fide offered to the public by the issue or by or through an underwriter.

The plaintiffs have admitted that "the stock of Interamerican Industries, Ltd. was first offered to the public in the United States by the issue or by or through an underwriter on or about July 1966".

The only real issue presented is whether the defendant is a dealer or was the defendant participating to such an extent either directly or indirectly in the distribution of the stock as to be classified an underwriter.

According to the affidavit of Arnold Krell, who is vice president of the defendant, the Interamerican stock was recommended as an attractive speculation by Jenkins, a registered representative of Dreyfus & Co., and that on May 12, 1967, the defendant received a research report on Interamerican from Dreyfus & Co. recommending it for "those accounts willing to assume the risk commensurate with the potential gain anticipated * * *." The conversation with Jenkins and the research report formed the basis upon which the defendant recommended the stock to its client. There is no indication that the defendant was participating directly or indirectly in underwriting the stock. Its sole function

was that of a dealer purchasing stock for its clients. The defendant has proven its claim of exemption from Sec. 5 of the Securities Act contained in Section 4(3) of the Securities Act of 1933.

## ORDER

And now, this 25th day of July, 1969, it is ordered that summary judgment be granted in favor of defendant, Albert Teller & Co., Inc.